UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| JESSIE ADDISON,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>          Defendants. | Civil Action No. 3:13–CV–380 |

### **MEMORANDUM OPINION**

THIS MATTER is before the Court on Motions to Dismiss by the United States ("Government") (ECF No. 28) and Flagstar Bank, FSB ("Flagstar") (ECF No. 32). For the reasons below, the Court will GRANT Flagstar's Motion to Dismiss Count II of the Amended Complaint and GRANT the Government's Motion to Dismiss.

**I. BACKGROUND**

On February 17, 2009, Addison entered into a mortgage on real property located at 4458 Willow Tree Lane, King George, Virginia 22485 ("Home"). The mortgage loan was from the Federal Housing Authority ("FHA") and is governed by FHA and Department of Housing and Urban Development ("HUD") regulations. Under the terms of the deed of trust ("Deed of Trust"), the holder of the mortgage note ("Note") can foreclose on the Home in the event of arrearage on payment of the Note, but only if the holder of the Note has complied with HUD regulations.

Addison failed to make payments on the Note for three months. In response, Flagstar, through Mortgage Registration Systems, Inc. ("MERS"), appointed Samuel I. White, P.C. ("White") as substitute trustee on the Deed of Trust. Flagstar then instructed White to foreclose on the Home. Plaintiff contends that under the Deed of Trust associated with the Home, the holder of the Note may foreclose only after having complied with all applicable regulations.

Plaintiff further represents that Flagstar was not exempt from this requirement. He reports that no creditor, including Flagstar, ever conducted a face-to-face meeting with Plaintiff pursuant to 24 C.F.R. § 203.604 and the minimum requirements of HUD regulations.

After advertising the Home in a newspaper, White foreclosed on the Home on November 16, 2010. MERS was the high bidder and assigned its interest in the Home to HUD. White filed a detainer action against Addison on behalf of HUD in the General District Court of King George County, Virginia ("General District Court").[1] Flagstar also made negative credit reports to credit reporting agencies, which lowered Addison's credit rating. HUD later non-suited its eviction action against Addison and assigned all rights to the Home to Flagstar. White executed a trustee's deed of the Home to Flagstar. In 2012, Flagstar filed an eviction action against Addison in the General District Court. The General District Court entered an order awarding possession of the Home to Flagstar. Addison appealed the eviction order to the Circuit Court of King George County, Virginia ("Virginia Circuit Court"). Flagstar and Addison then entered into an agreement in which Addison would post a monthly bond and the outcome of the eviction order would depend on the outcome of this case.

Addison is a resident of King George County, Virginia. Flagstar is a corporate citizen of the state of Michigan with its principal place of business in Troy, Michigan.

Plaintiff filed a Complaint in this Court on June 13, 2013. Addison later amended his Complaint on November 20, 2013. In Count I of his Amended Complaint, Addison alleges that Flagstar, the Government, and White breached the terms of the Note and Deed of Trust on the Home under 24 C.F.R. § 203.604. In Count II, Addison alleges that Flagstar breached the terms of the Note and Deed of Trust on the Home under 24 C.F.R. § 203.501. For Counts I and II, Plaintiff moves the Court to quiet his title to the Home by an order striking the purported trustee's deed from the public land records or by an order appointing a constructive trustee with

---

[1] The United States maintains that White filed his action prematurely and that the United States never authorized such actions.

direction to convey record title to the Home to Addison, subject to the lien of the Deed of Trust. In the alternative, Addison moves the Court for an order rescinding the foreclosure sale and returning the title to the Home to him, subject to the lien of the Deed of Trust. Lastly, Addison demands compensatory damages in the amount of $80,000.00.

White was voluntarily dismissed from this matter on September 25, 2013. The Government filed its Motion to Dismiss on December 5, 2013. Flagstar filed its Motion to Dismiss on December 16, 2013. Addison opposed the Government's Motion on December 20, 2013. Addison opposed Flagstar's Motion on January 6, 2014. A hearing was held on February 26, 2014.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, rather than the facts supporting it. Fed. R. Civ. P. 12(b)(6); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A court ruling on a Rule 12(b)(6) motion must therefore accept all of the factual allegations in the complaint as true, *see Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001), in addition to any provable facts consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and must view these facts in the light most favorable to the plaintiff, *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). The Court may consider the complaint, its attachments, and documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.,* 484 F.3d 700, 705 (4th Cir. 2007).

To survive a motion to dismiss, a complaint must contain factual allegations sufficient to provide the defendant with "notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(a)(2) requires the complaint to allege facts showing that the plaintiff's claim is

plausible, and these "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 540 U.S. at 555 n.3. The Court need not accept legal conclusions that are presented as factual allegations, *id.* at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### III. DISCUSSION

#### A. The Government's Motion to Dismiss

Under § 2409a(a), the "United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights." 28 U.S.C. § 2409a(a). "The waiver in § 2409a must be construed narrowly in favor of the government." *Buzzell v. I.R.S.*, No. 3:09-CV-161, 2009 WL 2916904, at *2 (E.D. Va. Sept. 2, 2009), *aff'd,* 395 F. App'x 967 (4th Cir. 2010).

> If the United States disclaims all interest in the real property or interest therein adverse to the plaintiff at any time prior to the actual commencement of the trial, which disclaimer is confirmed by order of the court, the jurisdiction of the district court shall cease unless it has jurisdiction of the civil action or suit on ground other than and independent of the authority conferred by section 1346(f).

28 U.S.C. § 2409a(e). Here, the sovereign immunity waiver of § 2409a is inapplicable because the Government does not "claim an interest" in the Home. *See id.* In the alternative, Plaintiff has failed to meet his burden to show that jurisdiction exists because Addison cannot show that the Government is an interested party under § 2409a. *See id.*

#### B. Flagstar's Motion to Dismiss Count II

Under § 203.501:

> Mortgagees must consider the comparative effects of their elective servicing actions, and must take those appropriate actions which can reasonably be expected to generate the smallest financial loss to the Department. Such actions include, but are not limited to, deeds in lieu of foreclosure under § 203.357, pre-foreclosure sales under § 203.370, partial claims under § 203.414, assumptions under § 203.512, special forbearance under §§ 203.471 and 203.614, and recasting of mortgages under § 203.616. HUD may prescribe conditions and requirements for the appropriate use of these loss mitigation actions, concerning

4

such matters as owner-occupancy, extent of previous defaults, prior use of loss mitigation, and evaluation of the mortgagor's income, credit and property.

24 C.F.R. § 203.501.

Plaintiff has not sufficiently stated a claim for breach of the Deed of Trust because he alleges no facts indicating that Defendant Flagstar failed to consider the comparative effects of its elective servicing actions. *Bagley v. Wells Fargo Bank, N.A.*, No. 3:12-CV-617, 2013 WL 350527, at *6 (E.D. Va. Jan. 29, 2013). Unlike in *Bagley*, Plaintiff does not allege that Flagstar refused to take affirmative action to reduce HUD's financial loss. *See id.* Even if Plaintiff had alleged some failure on the part of Flagstar to take action under § 203.501, as in *Bagley*, Flagstar was "not required to take any specific action on the list as long as they took any appropriate actions which could reasonably have been expected to most significantly reduce HUD's financial loss." *Id.*

### C. Quite Title and Rescission of Foreclosure

Plaintiff has failed to sufficiently state a claim for an action to quiet title. In Virginia, "[a]n action for quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against the title." *Maine v. Adams,* 672 S.E.2d 862, 866-67 (Va. 2009). "In order to assert a claim for quiet title, the plaintiff must plead that he has fully satisfied all legal obligations to the party in interest." *See Bagley*, 2013 WL 350527, at *8. In this case, Plaintiff does not plead that he has satisfied his obligations under the Note and Deed of Trust and he admittedly owes money on the Note and Deed of Trust. (*See* Am. Compl. ¶ 30). Accordingly, Plaintiff's claim for quiet title fails. *See Pei P'ship Architects, LLP v. Celebrate Va. S., LLC*, No. 3:13-CV-48, 2013 WL 1163463, at *4-5 (E.D. Va. Mar. 19, 2013). Further, because Plaintiff has not sufficiently stated a claim for an action quieting title, the Court need not address whether rescission of the foreclosure sale would be an appropriate means of quieting title.

## IV. CONCLUSION

For the aforementioned reasons, the Court will GRANT Flagstar's Motion to Dismiss Count II of the Amended Complaint and GRANT the Government's Motion to Dismiss.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

>_____/s/_____
> James R. Spencer
> United States District Judge

ENTERED this ____6th____ day of March 2014.